36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sherry D. BATTLE, t/a Battle Bail Bonding Company,
individually, Plaintiff-Appellant,
v.
Alfred W. WHITEHURST, individually and in his official
capacity as judge, Fourth Judicial Circuit of Virginia,
Circuit Court of the City of Norfolk; Charles Studds,
individually and in his official capacity as Magistrate for
the City of Norfolk, Defendants-Appellees,
and
Gary WRIGHT, individually and in his official capacity as
Chief Deputy Clerk for the Circuit Court of the
City of Norfolk, Defendant.
 No. 93-2245.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 22, 1994.
Decided: September 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert E. Payne, District Judge. (CA-93-350-2)
 Sa'ad El-Amin, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellant.
 Stephen D. Rosenthal, Attorney General, Linwood T. Wells, Jr., Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sherry D. Battle appeals from the district court's order dismissing on judicial immunity her 42 U.S.C. Sec. 1983 (1988) action. Battle argues that the judge was not immune because he acted administratively in clear absence of jurisdiction. Battle also alleges that the district court abused its discretion in dismissing the complaint, arguing that attorney's fees were available even in the face of judicial immunity. The revocation of Battle's bonding certificate was a judicial act done with appropriate jurisdiction. Furthermore, attorney's fees were not available because the fees were not incident to prospective injunctive relief. Accordingly, we affirm.
 
 I.
 
 2
 Pursuant to Va.Code Ann. Sec. 19.2-152.1 (Michie Supp.1993), Judge Whitehurst of the Circuit Court of the City of Norfolk certified Battle as a bondsman with a bonding limit of $200,000. After learning that Battle had exceeded her bonding capacity, Judge Whitehurst instructed Clerk Wright to inform Battle that she was not permitted to post any more bonds until her certificate was reinstated by the court. The clerk wrote Battle, informed her that she was no longer permitted to write bonds "until the judges of the Norfolk Circuit Court reinstate you," and requested that Battle explain why her bonding limit had been exceeded.
 
 
 3
 Because Battle conceded that she was more than $6000 over her bonding limit, Judge Whitehurst revoked her certificate to act as a professional bondsman. Subsequently, Battle informed Judge Whitehurst that she was within her bonding limit. Judge Whitehurst responded that if her representations were correct, he would withdraw his temporary revocation. After a hearing, Battle's bonding privileges were reinstated.
 
 
 4
 Battle filed a 42 U.S.C. Sec. 1983 (1988) action against Judge Whitehurst, Clerk Wright, and Magistrate Studds, alleging that the Defendants discriminated against her. She sought monetary damages and injunctive relief.
 
 
 5
 The district court dismissed the claims, holding that Judge Whitehurst was judicially immune from suit and that Clerk Wright was immune because he acted in accordance with a judicial order. The district court denied injunctive relief, holding that because her license was reinstated, the claim was moot. Battle appeals.
 
 II.
 
 6
 Battle argues that Judge Whitehurst was not entitled to judicial immunity because he administratively revoked her bonding privileges. Furthermore, Battle argues that administrative acts are not protected. In considering whether the function was normally performed by a judge and whether the parties dealt with the judge in his judicial capacity, see Stump v. Sparkman, 435 U.S. 349, 362 (1978), we determine that Judge Whitehurst's act was judicial.
 
 
 7
 Under Virginia law, a bonding certificate may be issued, revoked, or suspended only by a judge of the court in which the bondsman is certified. See Va.Code. Ann. Sec. 19.2-152.1. Furthermore, Battle submitted written evidence to Judge Whitehurst in support of her position. She also submitted a written argument to Judge Whitehurst, contending that the applicable limit was the value of the collateral, not the limit set by the certificate, and that the matter could be remedied by the posting of additional collateral. Battle's own behavior demonstrates that the judge was acting in his judicial capacity. Because the nature of the function performed was judicial, see King v. Myers, 973 F.2d 354, 357 (4th Cir.1992), we find that the district court properly granted judicial immunity.
 
 III.
 
 8
 Battle argues that, because Judge Whitehurst did not have the authority to revoke her certificate, he acted "in the clear absence of jurisdiction." A judge who lawfully possesses jurisdiction but wrongly exercises the authority is judicially immune from suit. Id.
 
 
 9
 Section 19.2-152.1 of the Virginia Code specifically authorizes a judge to suspend a bondsman from entering into further bonds in cases where the bondsman violates collateral requirements. Although the letter stated that her bonding certificate was revoked, it was clear that the revocation was temporary and was equivalent to a suspension. Accordingly, Judge Whitehurst possessed jurisdiction to temporarily revoke Battle's bonding certificate.
 
 IV.
 
 10
 Battle argues that the district court abused its discretion in dismissing the complaint when attorney's fees were available even in the face of judicial immunity. It is undisputed that Battle's bonding privileges were reinstated and that injunctive relief was inappropriate. Because prospective injunctive relief was not available, the district court did not err in dismissing the case without awarding attorney's fees.* See Lewis v. Blackburn, 734 F.2d 1000, 1008 (4th Cir.1984) ("Attorney's fees are available in Sec. 1983 actions to plaintiffs who prevail against defendants with judicial immunity if those fees are incident to prospective injunctive relief"), rev'd on other grounds, 759 F.2d 1172 (4th Cir.1985).
 
 
 11
 The revocation of Battle's bonding certificate was a judicial act done with appropriate jurisdiction. Furthermore, attorney's fees were not available. Finding that the district court properly dismissed Battle's complaint, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Even liberally construing Battle's claim as seeking attorney's fees under a theory of a prevailing party, Battle is not entitled to such relief. A plaintiff must show that the lawsuit contributed in a significant way to winning the benefits or relief sought. Child v. Spillane, 886 F.2d 691, 693 (4th Cir.1989). Not only did Battle fail to allege that she obtained the relief sought, but she also failed to assert or present any evidence on how her lawsuit contributed to the reinstatement of her bonding certificate. Accordingly, she was not entitled to attorney's fees